IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                          CASE NO. 5:14-CR-50066-004

FABIAN URIBE, AKA "Sporty"                                        DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Fabian Uribe's *pro se* Motion for Reduction in Sentence (Doc. 191) and the Government's Response (Doc. 193).

Mr. Uribe pleaded guilty to one count of conspiracy to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 59). On June 3, 2015, the Court sentenced him to 240 months of imprisonment with a 3-year term of supervised release and a $12,600 financial penalty. (Doc. 118). On April 12, 2017, the Court vacated Mr. Uribe's sentence based on ineffective assistance after finding that his counsel negligently failed to file a notice of appeal. Upon resentencing, the Court reimposed the 240-month term of imprisonment, less credit for time served, as well as the 3-year term of supervised release. The Court lowered the total financial penalty to $3,600.00. *See* Doc. 171. Mr. Uribe promptly appealed, and the Eighth Circuit affirmed this Court's sentence in full. *See* Doc. 182-1.

Mr. Uribe argues in his Motion for Reduction in Sentence that he should be released due to "extraordinary and compelling circumstances" arising from the recent death of his daughter's mother.[1] Mr. Uribe represents that his daughter, who is now 12

---

[1] The Motion also argues that the sentence the Court imposed was "longer than necessary to effectuate the Government's legitimate sentencing interests" and violated

1

years old, is being cared for by her maternal grandmother, who "is going through complications from Lupus, and can't care for a 12 year old child." (Doc. 191, p. 2). The Motion does not include any other facts, nor does it attach any evidence to support Mr. Uribe's claim.

According to Mr. Uribe's Final Presentence Report prepared on May 11, 2015, he admitted to fathering one child with a woman named Frankie Dominique Carillo. (Doc. 96, ¶ 58). At the time, the child lived in California and was four years old. *Id.* Mr. Uribe admitted that he had not seen the child for the past two years and had no visitation rights. *Id.* He further admitted that the child's mother "did not allow him to visit his daughter." *Id.* He conceded that he had been ordered to pay child support but was unsure of the amount owed. *Id.* On occasion, he bought things for his daughter, but he "gave them to Ms. Carrillo's mother to pass on to [the child]." *Id.*

The Court observes that under the First Step Act of 2018 ("FSA"), inmates like Mr. Uribe are permitted to seek sentence reductions directly from the sentencing court. 18 U.S.C. § 3582(c)(1)(A)(i). The Government agrees that Mr. Uribe exhausted his administrative appeal rights before the Bureau of Prisons before filing his request for sentence reduction before this Court. *See* Doc. 193, p. 5 n.2. The Court may grant a reduction if, "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, [the Court] finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant's

---

Mr. Uribe's Sixth Amendment right. (Doc. 191, p. 5). Collateral attacks on the propriety of the sentence cannot be raised in a motion filed under 18 U.S.C. § 3582(c). The statute provides no avenue through which a defendant may attack the original sentence.

family circumstances may be taken into account if those reasons concern the death or incapacitation of the caregiver of the defendant's minor child. See U.S.S.G. § 1B1.13, Application Note 1(C)(i).

The Court finds that Mr. Uribe has failed to establish that he would be entitled to custody of his child if he were granted a sentence reduction and early release from prison. He bears the initial burden of proof. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). The facts before the Court show that Mr. Uribe had neither custody nor visitation rights to his child prior to incarceration and had not seen the child in more than two years. He had not paid child support, and the child's mother did not allow him contact with the child. Because he did not provide proof to support his claim of extraordinary and compelling circumstances, the Court need not consider whether early release would otherwise be warranted in view of the § 3553(a) factors.

**IT IS ORDERED** that Defendant Fabian Uribe's pro se Motion for Reduction in Sentence (Doc. 191) is **DENIED**.

**IT IS SO ORDERED** on this 6th day of July, 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE